UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 17-003-JJM-PAS |
| | ) | |
| HASAN HUSSAIN, | ) | |
| Defendant. | ) | |

## ORDER

This case requires the Court to decide the issue of the admissibility of evidence of the Defendant's prior criminal conduct under Federal Rules of Evidence 404(b) and 403.

The government has charged Hasan Hussain with one count of conspiracy to commit wire fraud, five counts of wire fraud, and eight counts of aggravated identity theft. It alleges that Mr. Hussain fraudulently obtained fourteen properties in Rhode Island through an elaborate mortgage fraud scheme. The government seeks to introduce certain documents—his judgment of conviction and portions of his change of plea colloquy transcript—from Mr. Hussain's 2005 conviction for mortgage fraud and conspiracy in Massachusetts. Mr. Hussain admitted at his 2005 change of plea hearing that he "participated in a scheme to defraud the true owners of various parcels of real property by obtaining by fraudulent means ownership and control of that real property" and that he "created false and fraudulent deeds purporting to convey interests in real property and caused those deeds to be recorded." ECF No. 54-1 at 3.

Mr. Hussain has filed a Motion to Preclude evidence of his prior conviction. ECF No. 53. He claims that the evidence is not admissible under Federal Rule of Evidence 404(b)(1), which provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." He also argues that, even if the evidence were admissible, it should be excluded under Federal Rule of Evidence 403, which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."

The government responds by claiming that the 2005 conviction evidence is "inextricably intertwined with the mortgage fraud" set forth in the 2017 indictment, and alternatively, that the 2005 conviction is admissible under Rule 404(b)(2). ECF No. 54 at 1. That rule allows evidence inadmissible under Rule 404(b)(1) to be admitted "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The government concludes by asserting that Rule 403 does not prohibit it from introducing the evidence because "its probative value is high and is not substantially outweighed by the possibility of unfair prejudice." ECF No. 54 at 1.

The Court begins by addressing the admissibility of the evidence under Rule 404(b).[1] To admit evidence of a prior bad act under this Rule, the evidence must pass two tests:

---

[1] The Court does not need to address the government's alternative theory of admissibility, i.e., that the prior conviction is inextricably intertwined with the current allegations.

First, the evidence must have "special relevance" to an issue in the case such as intent or knowledge, and must not include "bad character or propensity as a necessary link in the inferential chain." Second, under Rule 403, evidence that is specially relevant may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

*United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000) (quoting *United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996)).

## A. Special Relevance under Rule 404(b)

The government argues the "special relevance" of the prior conviction is that it shows Mr. Hussain's "intent to engage in the charged conspiracy, . . . his knowledge of the scheme's operation and fraudulent nature, and eliminates any doubt that his participation was unintentional." ECF No. 54 at 10.

The government charged Mr. Hussain in a 14-count indictment alleging conspiracy to commit wire fraud, wire fraud, and aggravated identity theft arising from mortgage fraud. Knowledge and intent are relevant elements of each of the charges. *See, e.g.*, 18 U.S.C. § 1343 (wire fraud) ("Whoever, having devised or intending to devise any scheme . . . to defraud, or for obtaining money or property by means of false or fraudulent pretenses . . . ."); 18 U.S.C. § 1028 (identity theft) ("Whoever . . . knowingly and without lawful authority produces an identification document, authentication feature, or a false identification document . . . .").

Mr. Hussain's attorney informed the Court at oral argument on this motion that he intends to contest the intent element at trial:

> THE COURT: [L]et me ask you more directly. At the current time, do you have plans to challenge that Mr. Hussain had the intent to commit this crime?

DEFENDANT'S ATTORNEY: I think I have to, yes.

The mechanics of the 2005 fraud are strikingly similar to the allegations in the 2017 indictment. The 2005 scheme involved Mr. Hussain and his coconspirators defrauding the true owners of real property by obtaining ownership and control of that property using nominee purchasers; the same pattern of conduct is charged in the present case. Moreover, to accomplish his 2005 scheme, Mr. Hussain forged and falsely notarized signatures and created fraudulent deeds that purported to convey interests in the real property; again, the charges in this indictment allege the same method of fraud. The government intends to use this information to prove that Mr. Hussain was well aware of the illegality of his actions, that he did not commit the acts innocently or without full knowledge that they were illegal, and that he had the intent to commit fraud:

> THE COURT: If the Court were to allow you to use [this evidence], tell me how the government would argue intent and knowledge from that evidence.
>
> GOVERNMENT'S ATTORNEY: The government would argue that that prior conviction shows that the defendant appreciates the wrongfulness of the conduct that he engaged in with respect to falsifying signatures on deeds, falsely notarizing them. That he understands the real estate process, that that's evidence that he can't claim that he didn't know what was going on, that he was duped by somebody, that—again, that he understands the significance of deeds and other conveyances and what they're used for and how they're used. That it establishes his understanding both of the real estate process, his knowledge of the real estate process, and his knowledge that acts related to falsifying real estate conveyances are improper. And it shows that his conduct was intentional and not a mistake, not in good faith.

The government has met its burden of proving that the 2005 conviction evidence has special relevance, to wit, knowledge and intent of the defendant to

commit the crimes charged. Moreover, this relevance does not need propensity or bad character as a link in the inferential chain.

B.      Rule 403

Next, the Court must determine if the danger of unfair prejudice—here, having the jury use the prior conviction as propensity evidence—substantially outweighs the probative value of the prior acts as it relates to Mr. Hussain's knowledge and intent.

The evidence is clearly prejudicial. The question, however, is whether it is *unfairly* prejudicial. Fed R. Evid. 403. With a proper instruction to the jury, which the law presumes the jurors will follow, any unfair prejudice and potential use of the evidence as propensity can be eliminated, or at least minimized. *See United States v. Henry*, 848 F.3d 1, 10 (1st Cir. 2017) (noting that "although the similarity between [the defendant's] prior drug conviction and the charged drug crime presents a risk that the jury might draw an impermissible inference of propensity, the court addressed that risk with a limiting instruction").

The question then becomes the weight of the probative value of the information. "Probative value must be considered in light of the remoteness in time of the other act and the degree of resemblance to the crime charged." *United States v. Fields*, 871 F.2d 188, 197 (1st Cir. 1989). The First Circuit has upheld the admissibility of prior criminal conduct to prove knowledge and intent in mortgage fraud prosecutions. *See United States v. Appolon*, 715 F.3d 362, 373 (1st Cir. 2013) (uncharged real estate transactions were "highly probative for multiple reasons,

including to show [the defendant's] intent to engage in the conspiracy [and] to demonstrate his knowledge of the conspiracy's mechanics").

The Court is very aware of the potential prejudice here, but determines that the probative value of this knowledge and intent testimony from the 2005 conviction outweighs the possibility of unfair prejudice to Mr. Hussain. Mr. Hussain's motion to exclude evidence of his past conviction (ECF No. 53) is thus DENIED. However, the Court will be keenly aware of assuring that the government argues the issue appropriately and that the jury is properly and clearly instructed on how to use (and not use) the proffered evidence.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

August 3, 2018