UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HASAN HUSSAIN,<br>    Defendant. | Cr. No. 17-003-JJM-PAS |

## ORDER

The Government moves in limine for an order allowing trial testimony of witnesses about their conversations with the Defendant that occurred through a "translator." ECF No. 57. The Court GRANTS the Government's motion.

The proposed Government witnesses are alleged victims of the Defendant. They speak Spanish; the Defendant does not. The witnesses' conversations with the Defendant took place through translators who are either alleged co-conspirators, employees of the Defendant, or family or friends of the alleged victim. The Government seeks to have the alleged victims testify as to their conversations with the Defendant (pursuant to Federal Rule of Evidence 801(d)(2)) without also being required to call the translator present at the time the conversations took place. The Defendant does not object to the testimony without also calling the translator if the alleged victim witness was an alleged co-conspirator or employee. ECF No. 62 at 2; see Fed. R. Evid. 801(d)(2)(D), (E). The Defendant *does* object if the alleged victim witness was a family member or friend of the alleged victim.

In this case, there is no evidence that any of the "translators" had a motive to mislead. None of the "translators" was a Government agent. All of the conversations took place years before the Government began any criminal investigation of the conduct. No one made any of the statements with an eye toward litigation. Actions by the Defendant taken after the conversations are said to be consistent with the translated statements.

Because of these facts, there does not appear to be any valid evidentiary reason for requiring the Government to call the "translators" as witnesses. Whether the "translator" is considered "no more than a language conduit" and therefore not hearsay, *United States v Zhu*, 854 F.3d 247, 258 (4th Cir. 2017) (quoting *United States v Vidacak*, 553 F.3d 344, 352 (4th Cir. 2009)); or whether the persons were authorized by the Defendant to make statements on his behalf, Fed. R. Evid. 801(d)(2)(c); or whether the statements are not hearsay at all because they are admissible to show context, *United States v. Cruz-Díaz*, 550 F.3d 169, 176 (1st Cir. 2008), the Defendant's statements to the alleged victims as told by them, without the translator, are admissible.

The Court GRANTS the Government's Motion in Limine. ECF No. 57.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

August 20, 2018